# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JAVON LYONS,

      Petitioner,

  v.

KIM HENDERSON, WARDEN,
TOLEDO CORRECTIONAL
INSTITUTION,

      Respondent.

:

Case No. 2:23-cv-03532
Chief Judge Sarah D. Morrison
Magistrate Judge Karen L. Litkovitz

:

:

## OPINION AND ORDER

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254, brought by Petitioner Javon Lyons with the assistance of counsel. The Magistrate Judge has filed a Report and Recommendation recommending that the Petition be dismissed with prejudice and that Petitioner be denied a certificate of appealability. (R&R, ECF No. 18-1.) Petitioner has objected (Objs., ECF No. 28) and Respondent's time for responding to those Objections has expired.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

1

The Court has reviewed the Magistrate Judge's R&R, Petitioner's Objections, and those portions of the record implicated therein, *de novo*, and finds no error in the Magistrate Judge's conclusions or reasoning.

**Ground One: Ineffective Assistance of Counsel**

In his first and only ground for relief, Petitioner argues he was denied effective assistance of counsel under the Fifth, Sixth, Eighth, and Fourteenth Amendments. (ECF No. 1, PAGEID# 6.) He asserts that had his trial counsel properly advised him of the strength (or lack thereof) of the ballistics evidence, he would have rejected a plea and taken his case to trial.

To prevail in habeas corpus under the Antiterrorism and Effective Death Penalty Act (AEDPA) on an issue decided in state court, a petitioner must show that the state court's decision:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that [a] state-court decision be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (cleaned up). After evaluating the state court's decision, the Magistrate Judge recommended denial of the petition.

**A. Unreasonable Application of Clearly Established Law**

The controlling precedent here is *Strickland v. Washington*, 466 U.S. 668

2

(1984). There, the Supreme Court of the United States held that to prove ineffective assistance of counsel, a defendant must show: 1) "counsel's performance was deficient," and 2) "the deficient performance prejudiced the defense." *Id*. at 687. Petitioner objects to the Magistrate Judge's findings on both prongs.

*Deficient Performance*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Thus, the first prong of an ineffective assistance of counsel claim raised in a federal habeas petition is subject to "doubly deferential" review. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). That is because "*Strickland* requires deference to counsel and AEDPA requires deference to the state court." *Moody v. Parris*, No. 20-5299, 2022 WL 3788503, *4 (6th Cir. Aug. 30, 2022). Applying that standard here, the Magistrate Judge found:

> Upon review of the entire record, this Court concludes that Lyons has failed to demonstrate that the Ohio appellate court's decision is contrary to or an unreasonable application of Supreme Court precedent as to justify federal habeas corpus relief. *See Williams v. Taylor,* 529 U.S. 362, (2000). The appellate court correctly identified *Strickland* as the controlling Supreme Court precedent and recognized that counsel's performance is entitled to "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. In assessing counsel's performance, the Ohio Court of Appeals noted not only the internal inconsistencies in Lyons' affidavit but also the new evidence adduced since the acquittal of Lyons' co-defendant, i.e., law enforcement's discovery of the gun involved in the shooting resulting from Lyons' incriminating jail calls to his brother and co-defendant, urging them to find and destroy the gun, and evidence showing a match between that gun and a spent shell casing found at the crime scene. Under the circumstances, the appellate court's finding that counsel's recommendation "in very strong terms, the likely and dire result (life in prison with no possibility of parole) of going to trial in this case" was within the exercise of reasonable professional judgment was not an unreasonable application of *Strickland*. For these reasons, the Court cannot say that the Ohio Court of Appeals was unreasonable when it concluded that Lyons'

3

> attorney provided sound professional advice when he counseled Lyons to accept a plea of 25 years rather than risking life without the possibility of parole.

(R&R, PAGEID# 1829.)

Petitioner objects and argues that even doubly deferential review "should not excuse clearly deficient performance." (Obj., PAGEID# 1860.) Petitioner cites to factually inapposite cases to suggest that the state court should have reached a different result. But Petitioner ignores the real question before this Court: "whether the state court's application of the *Strickland* standard was *unreasonable*." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (emphasis added). It was not.

*Prejudice to Defendant*. In the context of guilty pleas, the prejudice requirement hinges on "whether counsel's constitutionally ineffective performance affected the outcome of the pleas process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

According to Petitioner, but for his counsel's inappropriate handling of the ballistic evidence, he would have gone to trial. (Obj., PAGEID# 1861.) But Petitioner ignores the other evidence that was known at the time of his plea:

> The Ohio Court of Appeals reasonably determined there was not a reasonable probability that Lyons would not have pleaded guilty and gone to trial in view of the evidence tying him to the shooting. This included the recently discovered jail calls in which Lyons instructed his brother and co-defendant to destroy a gun that was later determined to be consistent with one used in the shooting; that such recent evidence had the potential to damage Lyons and his witnesses' credibility vis-à-vis his alibi defense, and thereby risking the possibility of a life sentence without parole had he gone to trial; the state's ballistics

4

>expert testimony at Harris' trial that a bullet found embedded in a wall in Lyons' home was fired from the same weapon as a bullet fragment retrieved from the victim (ECF No. 11-3 at PageID# 404-405); and Lyons' apology to the victim's father, thereby demonstrating he shouldered at least some responsibility for the shooting. In addition, the state's new evidence forensically tied Lyons to the shooting because a shell casing from the crime scene was matched to the Recovered 9mm.

(R&R, PAGEID#1831.) After weighing the litany of other evidence known at the time Petitioner knowingly entered his guilty plea, it cannot be said that the state court unreasonably applied the second prong here. The Court finds no error in the Magistrate's reasoning or conclusion regarding prejudice.

In sum, the Court finds no error in the Magistrate Judge's conclusions or reasoning regarding the state court's application of *Strickland*. Petitioner's objection is **OVERRULED**.

### B. Unreasonable Determination of the Facts

A state court's factual findings are "only unreasonable where they are rebutted by clear and convincing evidence and do not have support in the record." *Mortiz v. Woods*, 692 F. App'x 249, 254 (6th Cir. 2017) (cleaned up). The Magistrate Judge recognized that the state court thoroughly evaluated Petitioner's ballistics report, determining that the report is "misleading," "erroneous," and "based on evidence known to [Petitioner] at the time of the plea." (R&R, PAGEID# 1830 (citing Ohio App. Ct., ECF No. 12, PAGEID# 1507–08).)

Petitioner objects and argues that the state court's factual determination as to the credibility of his ballistics report was unreasonable. (Obj., PAGEID# 1863.) According to Petitioner, the state court should have viewed the report as evidence

5

that his counsel failed to adequately investigate the ballistics before his plea. But Petitioner's argument fails to rebut any of the state court's factual findings or identify how those findings are unsupported by the record. Without such support, the Court finds no error in the Magistrate Judge's conclusions or reasoning here.

Petitioner's objection is **OVERRULED**.

## II.  CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Petitioner's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 18-1) and **OVERRULES** Petitioner's Objections (ECF No. 28). The Clerk will enter judgment dismissing with prejudice the Petition. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**